**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ASHLEY MILLER,** | |
| **Plaintiff,** | **No.** |
| **v.** | |
| **SSP AMERICA MDW, LLC** | **Judge** |
| **Defendant.** | **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff Ashley Miller ("Plaintiff"), through his attorneys and for his Complaint against

Defendant SSP America MDW, LLC ("Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §

201, *et seq.,* and the Illinois Minimum Wage Law ("IMWL") 820 ILCS 105/1, *et seq.,* for

Defendant's failure to pay Plaintiff overtime wages.

2.      Plaintiff worked for Defendant in the job position of Maintenance Assistant

between approximately May 25, 2017 and April 30, 2018.

3.      As a Maintenance Assistant, Plaintiff performed manual labor, by himself,

primarily at Midway Airport.

4.      For purposes of the overtime provisions of the FLSA and the IMWL, Defendant

misclassified Plaintiff as an "exempt" employee, while regularly requiring Plaintiff to work more

than forty (40) hours per week.

5.      Defendant did not pay Plaintiff overtime compensation when he worked more

than forty (40) hours during individual work weeks.

## THE PARTIES

6.     Plaintiff Ashley Miller resides in and is domiciled within this judicial district.

7.     Defendant is a Illinois limited liability company with its principal place of business in Illinois.

8.     Plaintiff was employed by Defendant as a Maintenance Assistant.

9.     Plaintiff was an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. § 203(e), and the IMWL, 820 ILCS 105/3(d).

10.     Defendant was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

11.     Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

12.     At all relevant times, Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes.

## JURISDICTION & VENUE

13.     This Court has original jurisdiction over Plaintiff's FLSA claim under 29 U.S.C. § 1331.

14.     This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## **COMMON FACTUAL ALLEGATIONS**

16.     During Plaintiff's employment by Defendant, he was not a supervisor or manager for purposes of the executive employee exemption to the FLSA. 29 U.S.C. § 213(a)(1).

17.     The primary duties performed by Plaintiff were non-exempt. Plaintiff's work time was spent performing building repairs and manual labor.

18.     Plaintiff performed his work on his own.

19.     Plaintiff did not supervise two or more other employees at least eighty (80) hours per week.

20.     Plaintiff did not "customarily and regularly direct the work of two or more other employees." 29 C.F.R. §541.100

21.     Plaintiff did not hire other employees.

22.     Plaintiff did not fire other employees.

23.     Plaintiff did not set other employees' regular work schedules;

24.     Plaintiff did not set other employees' rates of pay;

25.     Plaintiff did not create budgets.

26.     Plaintiff did not independently determine what materials to buy.

27.     Plaintiff did not exercise any meaningful degree of independent judgment or discretion with respect to the exercise of his duties.

28.     Plaintiff was required to follow policies, practices, and procedures dictated by Defendant.

29.     Plaintiff was supervised by manager(s) who had the authority to hire, fire, and promote other employees.

30.     Defendant dictated the day-to-day tasks that Plaintiff performed.

31.     Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

32.     Defendant engaged in policies or practices that violated the FLSA with respect to Plaintiff. Those policies or practices included:

   a.  Willfully failing to pay Plaintiff overtime wages for time he worked in excess of forty (40) hours during individual work weeks; and

   b.  Willfully misclassifying Plaintiff as an exempt employee under the FLSA.

## <u>COUNT I</u>
**Violation of the Fair Labor Standards Act – Overtime Wages**

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

33.     This Count arises from Defendant's failure to pay Plaintiff overtime wages at one and one-half times his regular rate of pay when he worked more than forty (40) hours during individual work weeks, in violation of the FLSA. 29 U.S.C. § 207.

34.     Although the primary duties performed by Plaintiff were non-exempt, Defendant misclassified Plaintiff as exempt from the overtime provisions of the FLSA.

35.     As a result of Defendant's violation of the FLSA, Plaintiff has suffered damages by being denied owed overtime wages.

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

   A.  Judgment in the amount of one and one-half times his regular rate of pay for all hours Plaintiff worked in excess of forty (40) hours per week, as provided by the FLSA;

   B.  Liquidated damages in an amount equal to the amount of unpaid overtime wages owed to Plaintiff, as provided by the FLSA;

   C.  Reasonable attorneys' fees and costs incurred in prosecuting this action; and

   D.  Such other and further relief as this Court deems appropriate and just.

## <u>COUNT II</u>
### Violation of the Illinois Minimum Wage Law – Overtime Wages

Plaintiff hereby realleges and incorporates the above paragraphs of this Complaint, as if fully set forth herein.

36.    Although the primary duties Plaintiff performed were non-exempt, Defendant misclassified Plaintiff as exempt from the overtime provisions of the IMWL.

37.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked over forty (40) hours.

38.    Defendant did not pay Plaintiff one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

39.    Defendant violated the IMWL by failing to compensate Plaintiff at one and one-half times his regular rate for all time worked in excess of forty (40) hours per week.

40.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of the under payments.

WHEREFORE, Plaintiff requests a judgment against Defendant as follows:

A.    Judgment in the amount of one and one-half times Plaintiff's regular rate of pay for all time Plaintiff worked in excess of forty (40) hours during individual work weeks;

B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    Reasonable attorneys' fees and costs incurred in prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Jury Trial Demanded

5

Respectfully submitted,

Dated:  June 12, 2018

s/Douglas M. Werman
One of Plaintiff's Attorneys

Douglas M. Werman - dwerman@flsalaw.com
Maureen A. Salas - msalas@flsalaw.com
Sarah J. Arendt – sarendt@flsalaw.com
Werman Salas P.C.
77 W. Washington Street, Suite 1402
Chicago, IL 60602
(312) 419-1008